UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-2185 JGB (SHKx)** | Date | July 17, 2020 |
| Title | *Riley's American Heritage Farms, et al. v. Claremont Unified School District, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Board Member Defendants' Motion for Summary Judgment (Dkt. No. 69); (2) GRANTING Administrator Defendants' Motion for Summary Judgment (Dkt. No. 70); (3) DENYING Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 71); and (4) VACATING the July 20, 2020 hearing. (IN CHAMBERS)

    Before the Court are three motions for summary judgment: (1) a motion for summary judgment filed by Defendants Beth Bingham, Hilary LaConte, Steven Llanusa, David S. Nemer, Nancy Treser Osgood (collectively, "Board Member Defendants") ("Board Motion," Dkt. No. 69); (2) a motion for summary judgment filed by Defendants James Elsasser, Brenda Hamlett, and Ann O'Connor (collectively, "Administrator Defendants) ("Administrator Motion," Dkt. No. 70); and (3) a motion for partial summary judgment filed by Plaintiffs James Patrick Riley and Riley's American Heritage Farms ("Plaintiffs' Motion," Dkt. No. 71).  The Court finds these matters appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  Upon consideration of the papers filed in support of and in opposition to the Motion, the Court GRANTS-IN-PART and DENIES-IN-PART the Motions and VACATES the July 20, 2020 hearing.

## I.  BACKGROUND

    On October 12, 2018, Plaintiffs Riley's American Heritage Farms ("the Farm") and James Patrick Riley filed a complaint against the following nine defendants: the District, Elsasser, Llanusa, LaConte, Bingham, Osgood, Nemer, O'Connor, and Hamlett.  ("Complaint," Dkt. No. 1.)  Elsasser is the Superintendent of the Claremont Unified School District.  (Id. ¶ 7.)  Llanusa, LaConte, Bingham, Osgood, and Nemer are members of the Claremont the District's Board of

Education.  (Id. ¶¶ 8-12.)  O'Connor is the Principal of Chaparral Elementary School, which is in the District.  (Id. ¶ 13.)  And Hamlett is the principal of Sumner Danbury Elementary School, which is also in the District.  (Id. ¶ 14.)  Plaintiffs allege three claims for relief: (1) Violation of civil rights—First and Fourteenth Amendments (42 U.S.C. § 1983) against all Defendants; (2) Conspiracy to violate civil rights—First and Fourteenth Amendments (42 U.S.C. § 1983) against Elsasser, Llanusa, LaConte, Bingham, Osgood, Nemer, O'Connor, and Hamlett; and (3) Injunctive relief (42 U.S.C. § 1983) against all Defendants.  (Id.)

On June 8, 2020, Board Defendants filed the Board Motion along with a statement of undisputed facts.  (Dkt. No. 69-2.)  On June 26, 2020, Plaintiffs opposed the Motion.  ("Board Opposition," Dkt. No. 76.)  In support of the Board Opposition, Plaintiffs submitted the following documents: (1) Statement of Genuine Dispute of Material Facts and Additional Disputed Facts ("DSUF," Dkt. No. 76-1) and (2) Objections to Evidence (Dkt. No. 76-2).  On July 6, 2020, Board Defendants replied to the Board Opposition.  ("Board Reply," Dkt. No. 81.)

On June 8, 2020, Administrator Defendants filed the Administrator Motion along with a statement of undisputed facts.  (Dkt. No. 70-2.)  On June 26, 2020, Plaintiffs opposed the Motion.  ("Administrator Opposition," Dkt. No. 77.)  In support of the Administrator Opposition, Plaintiffs submitted the following documents: (1) Statement of Genuine Dispute of Material Facts and Additional Disputed Facts (Dkt. No. 77-1) and (2) Objections to Evidence (Dkt. No. 77-2).  On July 6, 2020, Administrator Defendants replied to the Administrator Opposition.  ("Administrator Reply," Dkt. No. 82.)

On June 8, 2020, Plaintiffs filed Plaintiffs' Motion along with a statement of undisputed facts.  (Dkt. No. 71-2.)  On June 29, 2020, Defendants opposed Plaintiffs' Motion.  ("Plaintiffs' Motion Opposition," Dkt. No. 79.)  In support of the Plaintiffs' Motion Opposition, Defendants submitted the Statement of Genuine Dispute of Material Facts and Additional Disputed Facts ("PSUF," Dkt. No. 79-1).  On July 6, 2020, Plaintiffs replied to the Plaintiffs' Motion Opposition.  ("Plaintiffs' Motion Reply," Dkt. No. 80.)

## II.   FACTS

### A.   Undisputed Facts

Except as noted, the following material facts are sufficiently supported by admissible evidence and are uncontroverted.  They are "admitted to exist without controversy" for purposes of the Motion.  See Fed. R. Civ. P. 56(e)(2); L.R. 56-3.

Claremont Unified School District ("CUSD" or "District") is a public K-12 school district located in Los Angeles County.  (DSUF 1.)  CUSD is governed by a publicly elected, five-member Board of Education (the "Board").  (DSUF 2.)  Board Defendants each served on the Board between 2015 and 2020.  (DSUF 3-7.)  Administrator Defendants are each employed by CUSD.  (DSUF 8-10.)

Plaintiff James Patrick Riley is a principal shareholder of plaintiff Riley's American Heritage Farms ("Riley's Farm").  (DSUF 11.)  Riley's Farm has been hosting school field trips since 2001.  (PSUF 1.)  CSUD schools have visited Riley's Farm on field trips since 2001.  (PSUF 2.)[1]

Riley's Farm maintains a website, a Facebook page, and a Twitter account.  (PSUF 11.)  At least until August 2018, Plaintiff Riley had his own personal social media accounts, including a Facebook account and Twitter account.  (PSUF 13.)[2]  Plaintiff Riley used these accounts to comment on matters of public concern, including matters of politics, religion, and social relations.  (PSUF 16.)  Some of his past tweets include:

- "What is this country coming to if a girl can't even use her bosoms to smack customers and then sue the president for unwanted sexual advances?"  (PSUF 18; DSUF 19.)

- "'Missing ISIS' Heartwarming story of a former Jihad fighter, now readjusting to life as a BLM protester."  (PSUF 20; DSUF 22.)

- "When #Elizabeth Warren comes on @MSNBC, it's therapeutic to issue a very earthy Cherokee war chant. ("hey-ahhey-ah…etc.) I'm doing it right now. I'm running around; I'm treating the various desk lamps like mesquite campfires. You can probably hear it in Oklahoma."  (PSUF 22; DSUF 20.)

- "So I'm planning a high school reunion and I just realized we may have been the last generation born with only two genders."  (PSUF 25; DSUF 21.)

- "White supremacy? … You mean those 3 guys who live in two different counties in Arkansas? If there's a problem in America today it's BLACK supremacy, Farrakhan, Obama, Lebron James, etc. Typical brain dead feminist."  (PSUF 26; DSUF 25.)

On August 30, 2018, a parent of a Kindergarten student at Chaparral Elementary School, a CUSD school, sent an email to a Chaparral Kindergarten teacher expressing concern over Plaintiff Riley's tweet.  (DSUF 27.)  Defendant Hamlett, the principal of another CUSD school, received verbal communications from multiple parents expressing concerns regarding an upcoming field trip to Riley's Farm.  (DSUF 32.)  Defendant Nemer received information about the posts along with concerns about possible CUSD trips to Riley's Farm.  (DSUF 34.)

---

[1] Defendant disputes this fact in part but acknowledges that one or more CUSD school has attended Riley's farm each year.

[2] The parties disagree whether Plaintiff Riley currently maintains a personal Twitter account.  (See PSUF 13.)  Defendants assert that Plaintiff Riley deleted the account in 2018, while Plaintiffs state only that the account is inactive.  (Compare PSUF 13 with PSUF 14.)  For purposes of these Motions, the only relevant fact is that Plaintiff Riley had an active personal account prior to 2018—a fact on which the parties seem to agree.

On September 4, 2018, Defendant O'Connor, principal of Chaparral Elementary, emailed Kindergarten teachers at Chaparral regarding the need to find an alternative field trip venue. (DSUF 43.)  On September 10, 2018, CUSD Assistant Superintendent for Educational Services sent an email to the principals of each of the CUSD elementary schools, offering alternative options for school field trips and "asking that no CUSD school attend Riley's Farm field trips." (DSUF 45.)

**B.  Evidentiary Objections**

Both Plaintiff and Defendant make several evidentiary objections.  Because the Court does not consider any objected to evidence in its decision, all evidentiary objections are DENIED as moot.

### III.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party has the initial burden of identifying the portions of the pleadings and record that it believes demonstrate the absence of an issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the non-moving party bears the burden of proof at trial, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case.  Id. at 325.   Instead, the moving party need only prove there is an absence of evidence to support the nonmoving party's case.  Id.; In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).  The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

If the moving party has sustained its burden, the non-moving party must then show that there is a genuine issue of material fact that must be resolved at trial.  Celotex, 477 U.S. at 324.  The non-moving party must make an affirmative showing on all matters placed at issue by the motion as to which it has the burden of proof at trial.  Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 252.  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson, 477 U.S. at 248.  "This burden is not a light one.  The non-moving party must show more than the mere existence of a scintilla of evidence."  In re Oracle, 627 F.3d at 387 (citing Anderson, 477 U.S. at 252).

When deciding a motion for summary judgment, the court construes the evidence in the light most favorable to the non-moving party.  Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991).  Thus, summary judgment for the moving party is proper when a "rational trier of fact" would not be able to find for the non-moving party based on the record taken as a whole. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

//

## IV. DISCUSSION

Defendants argue that they are entitled to qualified immunity against Plaintiffs' retaliation claim. "Qualified immunity protects government officers from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Hernandez v. City of San Jose, 897 F.3d 1125, 1132 (9th Cir. 2018). Courts may address whether there is clearly established right first, potentially avoiding the need to determine whether a right was violated at all. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

To determine whether a right was clearly established, courts ask whether "it would be clear to a reasonable officer that his conduct was unlawful" given the state of the law when the conduct occurred. Garcia v. Cty. of Merced, 639 F.3d 1206, 1208 (9th Cir. 2011). The "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). In other words, there must be "some parallel or comparable fact pattern to alert an officer that a series of actions would violate an existing constitutional right." Fogel v. Collins, 531 F.3d 824, 833 (9th Cir. 2008). Clearly established does not "require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Mullenix v. Luna, 136 S.Ct. 305, 308 (2015). "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." Id.

In arguing that the right was clearly established, Plaintiffs first cite a Supreme Court decision where the Court held that a college's termination of a professor for criticizing the administration violated the First Amendment. (See Board Opposition at 20-23; Administrator Opposition at 21-24 (citing Perry v. Sindermann, 408 U.S. 593 (1972)).) Because Plaintiffs are not government employees, any holding regarding retaliation in the employment context is too general to create a clearly established right applicable to the facts of this case. Second, Plaintiffs cite Board of County Commissioners v. Umbehr, 518 U.S. 668 (1996), where the Supreme Court held that a county's decision to terminate a contract with a trash hauler in response to the trash hauler's criticism of the county governing board was retaliation. Again, because Plaintiffs are not government contractors, the case does not create a clearly established right applicable to the facts of this case.

Third, Plaintiffs cite a Ninth Circuit case where a petroleum producer was denied a plant permit in alleged retaliation for its owners' criticism of pollution regulations. The Ninth Circuit reversed the district court's grant of qualified immunity on summary judgment, holding that there was a "clearly established right to be free of intentional retaliation by government officials based upon that individual's constitutionally protected expression." Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1319 (9th Cir. 1989). The clearly established right as articulated by the Ninth Circuit in Soranno would cover Plaintiffs' claims. However, as Defendants rightly point

///

out, that gloss of a clearly established right was far too broad as it is wholly untethered from the facts of the case and could be reasonably applied to virtually any First Amendment retaliation case. The Supreme Court has "repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality." Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011) (internal citation omitted).

Indeed, the Supreme Court has more recently considered—and rejected—an identical characterization of the right to be free from retaliation. See Reichle v. Howards, 566 U.S. 658, 665 (2012). There, as here, petitioners argued that the clearly established right was that "the First Amendment prohibits government officials from subjecting an individual to retaliatory actions." Id. The Supreme Court repudiated such a broad characterization of the right at issue: "[W]e have previously explained that the right allegedly violated must be established, 'not as a broad general proposition,' but in a 'particularized' sense so that the 'contours' of the right are clear to a reasonable official." Id. (quoting Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (per curiam)). The Court went on to conclude that there was no applicable clearly established right, even though the district court had concluded there was "a material factual dispute regarding whether petitioners were substantially motivated by [petitioners'] speech." Id.

Because schools have special First Amendment status and the contract relationships potentially implicate government speech, cases involving government employees or denial of direct government benefits would not put a reasonable school official on notice that canceling a field trip in response to inflammatory speech violates the First Amendment. Those cases cited by Plaintiffs therefore lack a "parallel or comparable fact pattern to alert an officer that a series of actions would violate an existing constitutional right." See Fogel, 531 F.3d at 833. At a minimum, Plaintiffs would need to cite a case in which the court found that a school violates the First Amendment when it refuses to contract with a vendor in retaliation for the vendor's speech. Just as in Reichle, this is true even if there is a triable issue regarding whether the decision to cancel the field trips was motivated by the desire to retaliate for Riley's speech (or the heckler's veto). Plaintiffs have failed to cite such as case. And the Court has likewise been unable to find one. Accordingly, any right that Defendants may have violated when they ended their relationship with Plaintiffs was not then clearly established. Defendants are therefore entitled to qualified immunity and summary judgment in their favor is appropriate on all claims.

///

///

///

///

///

///

## V. CONCLUSION

For the reasons above, the Court:

1. GRANTS the Board Motion;

2. GRANTS the Administrator Motion;

3. DENIES Plaintiffs' Motion;

4. VACATES the July 20, 2020 hearing;

5. DIRECTS the Clerk to close the case.

**IT IS SO ORDERED.**