UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-2185 JGB (SHKx)** | Date | August 27, 2020 |
| Title | *Riley's American Heritage Farms, et al. v. Claremont Unified School District, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiffs' Motion for Relief from Order and/or to Alter or Amend Judgment (Dkt. No. 90); and (2) VACATING the August 31, 2020 Hearing (IN CHAMBERS)

  Before the Court is a Motion filed pursuant to Federal Rules of Civil Procedure 59 and 60 by Plaintiffs Riley's American Heritage Farms and James Patrick Riley. ("Motion," Dkt. No. 90.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The Court vacates the hearing set for August 31, 2020.

### I. BACKGROUND

  The facts of this case have been more thoroughly detailed in this Court's orders on Defendants' Motion to Dismiss, ("MTD Order," Dkt. No. 34,) and Motions for Summary Judgment, ("MSJ Order," Dkt. No. 86.) In sum, on October 12, 2018, Plaintiffs Riley's American Heritage Farms ("the Farm") and James Patrick Riley filed a complaint against the following Defendants: Claremont Unified School District; Beth Bingham, Hilary LaConte, Steven Llanusa, David S. Nemer, Nancy Treser Osgood (collectively, "Board Member Defendants"); and James Elsasser, Brenda Hamlett, and Ann O'Connor (collectively, "Administrator Defendants"). (Dkt. No. 1.) Elsasser is the Superintendent of the Claremont Unified School District. (Id. ¶ 7.) Llanusa, LaConte, Bingham, Osgood, and Nemer are members of the District's Board of Education. (Id. ¶¶ 8-12.) O'Connor is the Principal of Chaparral Elementary School, which is in the District. (Id. ¶ 13.) And Hamlett is the principal of Sumner Danbury Elementary School, which is also in the District. (Id. ¶ 14.)

After this Court granted-in-part and denied-in-part Defendants' Motion to Dismiss, (Dkt. No. 21,) Plaintiffs filed their First Amended Complaint on March 15, 2019. ("FAC" Dkt. No. 35.) Plaintiffs allege three claims for relief: (1) Violation of the First Amendment—Retaliation (42 U.S.C. § 1983) against all Defendants; (2) Violation of the First Amendment—Conspiracy (42 U.S.C. § 1983) against Defendants Elsasser, Llanusa, LaConte, Bingham, Osgood, Nemer, O'Connor, and Hamlett; and (3) Injunctive relief (42 U.S.C. § 1983) against all Defendants. (Id.)

On June 8, 2020, Plaintiffs, Board Defendants, and Administrator Defendants all filed separate motions for summary judgment and statements of undisputed facts. (See Dkt. No. 71-2 "Plaintiffs' MSJ," Dkt. No. 69-2 "Board MSJ," Dkt. No. 70-2 "Administrator MSJ".) On July 17, 2020, this Court entered judgment in favor of the Board Defendants and the Administrator Defendants. (Dkt. No. 87.)

On August 3, 2020, Plaintiffs filed a Motion for Relief from Order and to Alter or Amend Judgment Based on Clear Error. ("Motion," Dkt. No. 90.) On August 10, 2020, the Board and Administrator Defendants filed an Opposition. ("Opposition," Dkt. No. 91.) On August 17, 2020, Plaintiffs filed their Reply. ("Reply," Dkt. No. 92.)

## II.  LEGAL STANDARD

**A. Motions for Reconsideration**

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) or Rule 60(b). See Fed. R. Civ. P. 59(e), 60(b). Rule 59(e) provides that a court may alter or amend a judgment. Fed. R. Civ. P. 59(e). "Absent 'other, highly unusual, circumstances,' reconsideration pursuant to Rule 59(e) is appropriate only where (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law." Crane-McNab v. Cnty. of Merced, 773 F. Supp. 2d 861, 874 (E.D. Cal. 2011) (quoting Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). In addition, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

Rule 60(b) provides for relief from a final judgment, order, or proceeding upon a showing of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged;

it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In this district, motions for reconsideration are also governed by Central District Local Rule 7-18. "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." Tawfilis v. Allergan, Inc., 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015). Local Rule 7-18 provides that a motion for reconsideration of the decision on any motion may be made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L. R. 7-18. "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." Roe v. LexisNexis Risk Sols. Inc., 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013).

### III.  DISCUSSION

Plaintiffs move for reconsideration on this Court's entire Order granting the Board and Administrative Defendants' motions for summary judgment. (Dkt. No. 86.) Plaintiffs present no material differences in fact or law or evidence of clear error regarding the Court's decision on Plaintiffs' claims for damages. Thus, the Court declines to reconsider its holding that qualified immunity bars Plaintiffs' first and second causes of action.

However, qualified immunity does not apply to requests for injunctive relief. And when this Court granted the Board and Administrative Defendants' respective Motions for Summary Judgment, it also directed the Clerk to close this case. (Dkt. No. 86.) The Court did not address Plaintiffs' claims for injunctive relief. Id.

Plaintiffs' requested injunctive relief includes the following: (1) An injunction restraining Defendants Elsasser, Llanusa, LaConte, Bingham, Osgood, and Nemer, and their successors from "enforcing or adopting any policy, custom or practice to forbid or discourage patronage of Riley's Farm by District schools or employees" due to "private commentary by any of its owners, officials or employees, not expressed in the immediate context of field trip presentations, about matters of public concern," (FAC p. 18); (2) An injunction restraining Defendants

Elsasser, Llanusa, LaConte, Bingham, Osgood, and Nemer and their successors from "encouraging or permitting employees or officials of the District to withdraw patronage from Riley's Farm" due to the same kind of private commentary, (id.); (3) An injunction restraining Defendants O'Connor and Hamlett and their successors from "maintaining, enforcing or adopting any policy, custom or practice to forbid or discourage patronage of Riley's Farm by any teachers or employees of the schools they supervise as principals" due to the same kind of private commentary, (id.); and (4) an injunction "requiring Defendants to issue, on behalf of the District, a formal apology to Plaintiffs for violating their First Amendment rights, acknowledge their wrongdoing, and acknowledge the District's obligation to respect freedom of speech, in a suitable form to be prepared by counsel for Plaintiffs[.]" (Id.)

**A. Reconsideration on the Basis of Clear Error**

In the context of a motion to reconsider, "clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" Monterey Bay Military Housing, LLC v. Pinnacle Monterey LLC, 2015 WL 1548833, at *5 (N.D. Cal. Apr. 7, 2015). However, "[a] district court does not commit clear error warranting reconsideration when the question before it is a debatable one." Id. (citation omitted). Similarly, a motion to reconsider should not be granted where an error is found to be harmless. See Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); Tawfilis, 2015 WL 9982762, at *2.

Because motions to reconsider are not properly granted on harmless error, the Court must assess the merits of Plaintiffs' claim for injunctive relief as briefed in the parties' motions for summary judgment to determine whether granting summary judgment for Defendants without addressing Plaintiffs' claims for injunctive relief affected Plaintiffs' substantial rights.

**B. The Injunctive Relief Claims on Summary Judgment**

The summary judgment standard has been enumerated in greater detail in the Court's MSJ Order. (Dkt. No. 86.) Briefly, when deciding a motion for summary judgment, the court construes the evidence in the light most favorable to the non-moving party. See Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991). Summary judgment for the moving party is proper when a "rational trier of fact" would not be able to find for the non-moving party based on the record taken as a whole. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

As an initial matter, Section 1983 does authorize injunctive relief to prevent ongoing rights violations. See 42 U.S.C. § 1983; City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983). However, in order for plaintiffs to have standing to obtain injunctive relief, they must show that they are "immediately in danger of sustaining some direct injury as the result of the challenged official conduct." Lyons, 461 U.S. at 102. The "threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations omitted.) Additionally, to

warrant a permanent injunction, Plaintiff must also establish: "(1) actual success on the merits; (2) a likelihood of irreparable injury if injunctive relief is not granted; (3) a balance of hardships favoring Plaintiff; and (4) that an injunction will advance the public interest." Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1084 (C.D. Cal. 2012) (citing Winter v. Natural Res. Def. Counsel, 555 U.S. 7, 20, (2008)).

Even construing all evidence in the light most favorable to Plaintiffs, they have failed to prove they will meet their burden to demonstrate danger of direct injury in the future. Three of Plaintiffs' four requested injunctions presuppose that Defendants have an ongoing policy dissuading or forbidding patronage of Riley's Farm because of Mr. Riley's speech. (FAC p. 18.) Plaintiffs repeatedly assert Riley's Farm has been "blacklisted" by the District. (MSJ Opp, Dkt. No. 76.) However, the record reveals no such standing, future-looking prohibition against CUSD affiliates patronizing Riley's Farm because of Mr. Riley's speech. It is undisputed that on September 4, 2018, Superintendent Elsasser asked each of the school site administrators to speak with their teachers and determine whether any of them maintained a desire to attend field trips to Riley's Farm. (Dkt. No. 76-1 ¶ 42.) It is additionally undisputed that as of September 10, 2018, no administrator, teacher, or staff member expressed to Elsasser a desire to continue going to Riley's Farm. (Id. ¶ 44.) Superintended Elsasser has testified that the issue has not come up again, and thus there has been no occasion to revisit the issue of field trips at Riley's Farm. (Opposition, Dkt. No. 91.) There is no blacklist. It would be improper for this Court to direct Defendants to reverse a policy which does not exist.

Further, substantial briefing in this case has been devoted to the issue of parent involvement in CUSD field trips. (See, e.g., Dkt. No. 71-2 "Plaintiffs' MSJ," Dkt. No. 69-2 "Board MSJ," Dkt. No. 70-2 "Administrator MSJ".) Defendants have claimed parents have legitimate pedagogical interests in determining the locations of CUSD field trips. (Opposition, Dkt. No. 91.) Plaintiffs have cited to the deposition Superintendent Elsasser in which he testifies that parents are the "partners" of CUSD, and when he receives "more than a few" complaints from parents, he "start[s] looking at the issue" the parents have raised. (Dkt. No. 76-4.) However, the nature of parental participation in school activities is that parents care about their own children, who grow older with each passing year. In addition to a dearth of evidence regarding a "blacklist," there is no evidence that future CUSD Kindergarten parents oppose Mr. Riley's speech or will either affirmatively want—or, for that matter, disapprove of—field trips to Riley's Farm. If all parties agree that parental concern over Mr. Riley's speech plays a significant role in CUSD decision making, it seems apparent that future injury to Plaintiffs is speculative at best.

Apparently blind to the irony in this First Amendment case, Plaintiffs request that the Court order "Defendants to issue, on behalf of the District, a formal apology to Plaintiffs for violating their First Amendment rights, acknowledge their wrongdoing, and acknowledge the District's obligation to respect freedom of speech, in a suitable form to be prepared by counsel for Plaintiffs[.]" (FAC, p. 18.) Plaintiffs are not entitled to a court-ordered apology. Such a remedy does not meet the standards outlined by Lyons, 461 U.S. at 102, for injunctive relief under Section 1983.

Finally, while it appears no CUSD schools will visit Riley's Farm this fall, that is because CUSD has ceased sending students on offsite field trips due to the COVID-19 pandemic—not as a result of Mr. Riley's speech. (Opposition, Dkt. No. 91.) It would be a futile exercise in judicial pantomime to order CUSD schools to allow—or at least, not prohibit—field trips to Riley's Farm during a time when all field trips are prohibited for the foreseeable future. Plaintiffs are not at risk of imminent injury. And if they were injured in the past, that injury is a damages question subject to the doctrine of qualified immunity and not subject to injunctive relief.

### IV.   CONCLUSION

It was error not to address injunctive relief in this Court's prior MSJ Order. However, the error was harmless. Even construing all facts in the light most favorable to Plaintiffs, Plaintiffs' claims for injunctive relief do not survive summary judgment. For the reasons above, the Court DENIES Plaintiffs' Motion. The August 31, 2020 hearing is VACATED.

**IT IS SO ORDERED.**