UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 18-2185 JGB (SHKx) | Date | January 7, 2026 |
|---|---|---|---|
| Title | *Riley's American Heritage Farms, et al. v. Claremont Unified School District, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** FINDINGS OF FACT AND CONCLUSIONS OF LAW (IN CHAMBERS)

Plaintiffs Riley's American Heritage Farms ("Riley's Farm") and James Patrick Riley ("Riley") (collectively, "Plaintiffs") brought this action against defendants Claremont Unified School District ("CUSD"), James Elsasser, Steven Llanusa, Hilary LaConte, Beth Bingham, Nancy Treser Osgood, David S. Nemer, Ann O'Connor, Brenda Hamlett, Kathy Archer, Kathryn Dunn, Bob Fass, Richard O'Neill, Sarah Estrada, Alex McDonald, Cheryl Fiello, Julie Pak, and Diana Taylor. Plaintiffs, in their First Amended Complaint filed on March 15, 2019, alleged two causes of action: violation of civil rights under the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, and conspiracy to violate civil rights under the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. ("FAC," Dkt. No. 35.)

Plaintiffs' allegations stemmed from CUSD cancelling all scheduled field trips to Plaintiffs' farm in response to parents' complaints about Riley's protected political speech on social media. (See FAC.) On July 17, 2020, the Court granted summary judgment in favor of Defendants. ("Summary Judgment," Dkt. No. 86.) On appeal, the Ninth Circuit reversed the Court's dismissal of Plaintiffs' claim for injunctive relief, holding that a genuine dispute of material fact remained as to whether an unconstitutional policy persisted in CUSD regarding visits to Riley's Farm. Riley's Am. Heritage Farms v. Elsasser, 32 F.4th 707, 731 (9th Cir. 2022) ("Riley's I").

On remand, the Court again granted summary judgment in Defendants' favor. On appeal, the Ninth Circuit reversed, holding that Defendants' actions taken after the previous remand did not moot the case and that a genuine dispute remained as to whether there was an

ongoing retaliatory policy. Riley's Am. Heritage Farms v. Elsasser, 2024 WL 1756101, at *2 (9th Cir. Apr. 24, 2024) ("Riley's II").

On September 16, 2025, the case was tried before the Court without a jury. The bench trial was limited to whether an ongoing retaliatory policy exists and, if so, what prospective injective relief is necessary to remedy the violation. The Court ordered the parties to submit proposed findings and conclusions of law by November 17, 2025. (Dkt. No. 154.) Both parties timely filed their proposed findings of fact and conclusions of law on November 17, 2025. (Dkt. Nos. 158-59.)

The Court, having considered all the evidence presented by the parties, the written submissions from both sides, and the argument of counsel, issues the following Findings of Fact and Conclusions of Law.

## I. FINDINGS OF FACT

At the start of each school year, CUSD's Board of Education (the "Board") votes to pre-approve a list of field trip venues schools may want to attend during the year. Once a venue is approved by the Board, no further approval is necessary for individual field trips to approved vendors.

On September 4, 2014, the Board approved the expenditure of funds for any school sites in CUSD to attend field trips to Riley's Farm for the 2014-2015 school year. In August or September of every school year beginning in 2015 to 2018, the Board approved the expenditure of funds for any school site in CUSD to attend field trips to Riley's Farm for the full school year. On August 4, 2022, after a hiatus in field trips resulting from the COVID-19 pandemic, the Board approved the expenditure of funds for any school sites in CUSD to attend field trips to Riley's Farm for the 2022-2023 school year. In August of every subsequent year, 2023 to 2025, the Board approved the expenditure of funds for any school sites in CUSD to attend field trips to Riley's Farm for the full school year. The Board has never removed Riley's Farm from the list of field trip vendors for which expenditure of school district funds is approved. Every time the Board has approved a list of field trip venues for the expenditure of funds between 2014 and the present, Riley's Farm has been one of the approved field trip venues.

At all relevant times, CUSD has maintained Board Policy 6153 and Administrative Regulation 6153, which set forth CUSD's policies and procedures for school-sponsored field trips. Although the title of Board Policy 6153 was updated in 2021, the contents of the Board Policy has remained the same at all relevant times. A CUSD teacher wanting to take students on a single-day (i.e., non-overnight) field trip to one of the venues that is on the Board's pre-approved list is required to submit a field trip plan to the school site principal. A CUSD school site principal reviewing a teacher's proposed field trip plan is required by Board Policy 6153 and Administrative Regulation 6153 to consider the safety and supervision of students, and to consider transportation logistics and the cost of the field trip including both transportation and

venue fees. All of the criteria that a CUSD school site principal reviewing a teacher's proposed field trip plan is required to consider apply equally to all field trip venues, including Riley's Farm.

In 2018, Riley published statements on social media platforms, including Twitter, expressing his viewpoints on current events. In approximately late August and early September 2018, staff members and administrators from various school sites throughout CUSD received complaints from parents, asking that their children be excused from attending field trips to Riley's Farm during the 2018-2019 school year and/or that their children's classes choose an alternative field trip venue for the 2018-2019 school year.

The Education Code and Board's Policies both prohibit CUSD from requiring any student to be transported for a field trip without the written permission of the student's parent or guardian. CUSD members and administrators therefore contacted Superintendent James Elsasser and requested guidance in addressing the parent concerns regarding Riley's Farm field trips.

On Tuesday, September 4, 2018, at a regularly scheduled K-12 administrators meeting, principals from multiple CUSD school sites asked Elsasser for guidance in addressing parent complaints about students attending field trips to Riley's Farm during the 2018-2019 school year. As of September 4, 2018, Elsasser had not seen any of Riley's social media posts. At the September 4, 2018, K-12 administrators meeting, Elsasser instructed the principals of each of the CUSD school sites to go back and ask their respective staff members if any of them were planning to take field trips to Riley's Farm during the 2018-2019 school year. At that same meeting, Elsasser told the principals of each of the CUSD school sites to direct their respective staff members that, if anyone wanted to take a field trip to Riley's Farm, they should contact Elsasser to discuss logistics. Elsasser did not tell anyone in the September 4, 2018, K-12 administrators meeting that they should not, or may not, send field trips to Riley's Farm.

If any CUSD administrator or staff member had contacted Elsasser and indicated a desire to take a field trip to Riley's Farm, Elsasser would have found a way to allow the Riley's Farm field trip to go forward, while ensuring that alternative educational experiences were provided for students whose parents did not permit them to attend. In response to Elsasser's inquiry, no CUSD administrator, teacher, or staff member expressed any plan to attend field trips to Riley's Farm. Because no one ever contacted Elsasser or his assistant superintendents to express an interest in taking a field trip to Riley's Farm, Elsasser never had a reason to have a logistical conversation with any of his administrators or staff regarding what alternative educational experience(s) could be provided for students whose parents did not permit them to attend a field trip to Riley's Farm.

On September 10, 2018, at a regularly scheduled meeting of the executive cabinet, Elsasser and the four assistant superintendents discussed the fact that none of them had been contacted by any administrator, teacher, or staff member who expressed an interest in taking a field trip to Riley's Farm during the 2018-2019 school year. Following the executive cabinet meeting, assistant superintendent Julie Olesniewicz sent an email to all of the elementary school

principals in CUSD at 1:14 p.m. on September 10, 2018, "asking that no CUSD school attend Riley's Farm field trips." Elsasser was not copied on Olesniewicz's September 10, 2018, email to CUSD elementary school principals nor was he aware of the contents of her email at any time prior to the start of this litigation. If Elsasser had received Olesniewicz's September 10, 2018, email to CUSD elementary school principals, Elsasser would have directed Olesniewicz to send out a correction.

During a deposition in May 2020, Elsasser was asked, "As far as you're concerned, this guidance requesting that no CUSD school attend Riley's Farm field trips is still in place; correct?" According to a transcript of the proceeding, Elsasser said, "The guidance is still in place. We've never revisited it." The video recording of the proceeding shows that the first sentence was spoken to Elsasser's counsel as a restatement of the question, and that the second sentence was Elsasser's response to the question.

Due to the COVID-19 pandemic and a ransomware attack, CUSD schools did not send students on any field trips whatsoever during the 2019-2020, 2020-2021, or 2021-2022 school years.

In October 2021, Heather Stradley, a teacher at a CUSD school site, inquired about booking a field trip at Riley's Farm. On October 8, 2021, Mandy Michel from Riley's Farm emailed Stradley and provided possible dates for the field trip. Later that day, Stradley responded, writing that "[u]nfortunately, I just heard we may not be able to do field trips yet." Stradley made no mention of any policy preventing her from booking a field trip, either specifically related to Riley's Farm for some reason or more generally about field trips because of the pandemic. At the time, however, no schools in CUSD were taking field trips because of the pandemic.

In the fall of 2022, CUSD began allowing field trips for the first time since the COVID-19 pandemic began. On August 4, 2022, the Board approved the expenditure of funds for any school sites in CUSD to attend field trips to Riley's Farm for the 2022-2023 school year.

On April 29, 2022, the Ninth Circuit issued its order and amended opinion in Riley I. (Dkt. No. 101.)

On November 17, 2022, the Board adopted Resolution No. 06-2023. In Resolution No. 06-2023, the Board reaffirmed its prior assertions that CUSD has no policy barring or discouraging CUSD personnel from organizing field trips to Riley's Farm. Only the Board has the power to adopt policies on behalf of the school district. Neither the Superintendent nor the assistant superintendents of CUSD have the authority to make policies on behalf of CUSD. A resolution, such as Resolution No. 06-2023, that is formally adopted by the Board has the same force and effect as a Board Policy. The Superintendent and other employees of CUSD would be subject to discipline if he or she acted contrary to a formally adopted resolution, such as Resolution No. 06-2023. The discipline that the CUSD Superintendent and all other employees would be subject to for acting contrary to a formally adopted resolution, such as Resolution No.

06-2023, would not be any different than the discipline they would be subject to if they violated a Board Policy.  In adopting Resolution No. 06-2023 in the form of a legislative resolution of the Board, as opposed to some other form of legislative action, CUSD did not intend to leave open any possibility for discriminatory animus to prevent CUSD school sites from sending field trips to Riley's Farm.

The intent of CUSD in adopting Resolution No. 06-2023 was to ensure that everyone understood that CUSD would treat Riley's Farm the same as it would any other field trip vendor.  Once Resolution No. 06-2023 was formally adopted by the Board, Elsasser presented the written resolution to all of the assistant superintendents and school site principals in CUSD.  When Elsasser presented Resolution No. 06-2023 to all of the administrators in CUSD, he instructed all of the administers to disregard any prior emails that would be contrary to Resolution No. 06-2023 and to disregard any prior discussions among administrators or staff that would be contrary to Resolution No. 06-2023.

Elsasser's standard practice is to communicate with CUSD school site principals in person, rather than by email, in order to avoid confusion and allow for clarifications to be made if necessary.  By communicating his expectations regarding Resolution No. 06-2023 to the administrators of CUSD in person, rather than by email or some other means of communication, Elsasser did not intend to leave open any possibility of changing policies later with regard to Riley's Farm.  No CUSD administrator or staff member has ever expressed any confusion regarding any inconsistency between Resolution No. 06-2023 and assistant superintendent Julie Olesniewicz's September 10, 2018, email.

If a principal at a CUSD school site receives a proposed field trip plan to take a field trip to Riley's Farm, and the plan otherwise meets all of the objective criteria for costs, transportation, and safety and supervision of students, Elsasser would expect that principal to approve the field trip request.  Elsasser has made it clear to all CUSD school site principals that they should approve any and all field trip plans proposing to take a field trip to Riley's Farm, provided the field trip plans meet all of the objective criteria for costs, transportation, and safety and supervision of students.

CUSD currently operates at a budget deficit.  As a result of financial constraints, CUSD approves fewer field trips overall since the COVID-19 pandemic than it did prior to the pandemic.  Prior to the COVID-19 pandemic, school sites in CUSD used to attend educational field trips to the Los Angeles County Fair, the Aquarium of the Pacific, the Discovery Science Center, and the Museum of Tolerance.  Although CUSD reinstated the practice of field trips following the COVID-19 pandemic, school sites have not resumed their prior practice of attending field trips to these destinations, even though they all remain on the Board's list of pre-approved field trip venues.

//
//
//
//

## II.  CONCLUSIONS OF LAW

### A. Jurisdiction and Applicable Law

Federal question jurisdiction in this suit lies pursuant to 28 U.S.C. § 1331, as plaintiffs' sole remaining claim arises under the Constitution and laws of the United States, specifically, 42 U.S.C. § 1983 and the First Amendment.

### B. Plaintiffs' Claim for Injunctive Relief is Not Barred by the 11th Amendment if Plaintiffs Can Establish an Ongoing Constitutional Violation

Defendants are each named as officials of CUSD, a California public school district. California public school districts are considered state agencies for Eleventh Amendment purposes.  Belanger v. Madera Unif. Sch. Dist., 963 F.2d 248, 254 (9th Cir. 1992).  The Eleventh Amendment generally bars federal courts from entertaining suits brought by a private party against a state or its instrumentality in the absence of state consent.  L.A. Branch NAACP v. L.A. Unif. Sch. Dist., 714 F.2d 946, 950 (9th Cir. 1983).  The Eleventh Amendment, however, does not bar actions seeking only prospective injunctive relief against state officers in their official capacities.  Ex parte Young, 209 U.S. 123, 155-156 (1908).

Ex parte Young relief against a state official may not be premised on a wholly past violation of federal law, because such relief would not serve the federal interest in assuring future compliance with federal law and would be useful only as a basis for a damage award in a subsequent state proceeding.  Green v. Mansour, 474 U.S. 64, 73 (1985).  On the other hand, relief that serves directly to bring an end to a *present* violation of federal law is not barred by the Eleventh Amendment.  Papasan v. Allain, 478 U.S. 265, 278 (1986).  For the Ex parte Young doctrine to apply, plaintiffs have the burden of proving (1) an ongoing violation of federal law, and (2) "a practice, policy, or procedure that animates the constitutional violation at issue." Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 865 (9th Cir. 2016); Hafer v. Melo, 502 U.S. 21, 25 (1991) ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's policy or custom must have played a part in the violation of federal law.'").

### C. Plaintiffs Have the Burden to Prove an Ongoing Policy of Prohibiting Field Trips to Riley's Farm Because of Plaintiffs' Protected Speech

Under the First Amendment, a citizen has the right to be free from governmental action taken to retaliate against the citizen's exercise of First Amendment rights or to deter the citizen from exercising those rights in the future.  Sloman v. Tadlock, 21 F.3d 722, 737 (9th Cir. 1994).  "To bring a First Amendment retaliation claim, the plaintiff must allege that (1) it engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech."  Ariz. Students' Ass'n, 824 F.3d at 867.

Plaintiffs have the burden of proof to establish each element of their claim for First Amendment retaliation. Boquist v. Courtney, 32 F.4th 764, 775 (9th Cir. 2022).

### D. Plaintiff Riley Engaged in Protected Speech

Plaintiff Riley engaged in conduct that is protected under the First Amendment in 2018, when he published statements on social media platforms, including Twitter, expressing his viewpoints on current events. Riley's I, 32 F.4th at 723.

### E. Plaintiffs Fail to Prove Defendants Acted in Accordance with an Unconstitutional Policy

Plaintiffs fail to prove that any of the Defendants are maintaining any formal or informal policy barring or discouraging CUSD school sites from sending field trips to Riley's Farm, such that Plaintiffs are suffering an ongoing constitutional harm. Every year the Board has approved expenditures in advance for school sites to visit a list of venues since at least 2014, the Board has included Riley's Farm on its list.

In approximately late August and early September 2018, staff members and administrators from various school sites throughout CUSD received complaints from parents, asking that their children be excused from attending field trips to Riley's Farm during the 2018-2019 school year and/or that their children's classes choose an alternative field trip venue for the 2018-2019 school year.

After discussing the parent complaints with school district administrators on September 4, 2018, Elsasser told the principals of each of CUSD school site to direct their respective staff members that, if anyone wanted to take a field trip to Riley's Farm, they should contact Elsasser to discuss whether any parents in that particular class were refusing to allow their children to participate in the field trip and, if so, what alternative educational experience could be provided for the students whose parents did not allow them to attend the field trip.

On September 10, 2018, Olesniewicz sent an email to all of the elementary school principals in CUSD, "asking that no CUSD school attend Riley's Farm field trips." Olesniewicz's September 10, 2018, email did not constitute a policy of the school district, within the meaning of Ex parte Young. A single email from a midlevel administrator, which was sent to only seven CUSD employees, does not constitute a formal policy of the school district. CUSD has official policies, in the form of Board Policies and Administrative Regulations, which are formally adopted by the Board and publicly available on the school district's website.

Among the District's formal Board Policies, Board Policy 2112 provides that only the Board of Education has the power to approve or reject policies on behalf of the school district. An assistant superintendent does not have the authority to enact school district policy, and even if she did, such policies cannot be enacted merely by sending a single email to a few other employees.

Plaintiffs also fail to prove that Olesniewicz's September 10, 2018, email constituted a *de facto* policy of the school district. The email was *contrary* to the earlier directive of Elsasser that anyone who wanted to take a field trip to Riley's Farm would be permitted to do so, provided they contacted Elsasser to discuss the logistics of the field trip. Elsasser was not copied on Olesniewicz's email and was not aware of its contents at any time prior to this litigation. If Elsasser had been made aware of Olesniewicz's email, he would have immediately directed Olesniewicz to send out a correction.

Furthermore, the email has since been repudiated by the Board's adoption of Resolution No. 06-2023 and Elsasser's subsequent directives to *all* school district employees that they must comply with the Board's resolution and disregard all prior emails or discussions among administrators or staff which would be contrary to the resolution's reaffirmation that CUSD does not have a formal or informal policy barring or discouraging anyone from taking field trips to Riley's Farm. Thus, plaintiffs have not proven that Olesniewicz had the authority to make decisions on the part of the school district that were final, unreviewable, and unconstrained by Board Policies. See City of St. Louis v. Prapotnik, 485 U.S. 112, 127 (1998).

## F. **Plaintiffs Fail to Prove an *Ongoing* Constitutional Harm**

Plaintiffs fail to prove that anyone at CUSD—let alone one of the defendant officials—is *presently* acting in accordance with Olesniewicz's September 10, 2018, email or any other policy against attending field trips at Riley's Farm. "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 255 (2011) (cleaned up). In conducting this inquiry, the court must distinguish between cases "in which the relief against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation." Papasan, 478 U.S. at 277-78. "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. . . . But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." Green, 474 U.S. at 68.

Plaintiffs did not present any evidence at trial that any CUSD personnel are presently refraining from conducting Riley's Farm field trips because of Olesniewicz's 2018 email or some other policy. No evidence in the record establishes that any school site principal has denied any request for a Riley's Farm field trip, for any reason, let alone *because of* Plaintiffs' protected speech.

Elsasser's May 2020 deposition statement that "[t]he guidance is still in place" was a restatement of the question he had been asked. His answer to the question at that time was "[w]e've never revisited it."

In any event, on November 17, 2022, the Board adopted Resolution No. 06-2023, reaffirming the school district's prior assertions that CUSD has no policy barring or discouraging school district personnel from organizing field trips to Riley's Farm. Whatever guidance may have been in effect prior to that point was displaced by the resolution. All school district administrators have been explicitly directed to apply the same objective criteria to a Riley's Farm field trip request as they would to a request to attend any other venue. Any administrator who refuses to approve a Riley's Farm field trip request that otherwise meets the objective criteria is subject to discipline. Moreover, the Board never removed Riley's Farm from the list of field trip venues that are approved for the expenditure of funds.

The Board Resolution is no less formalized and final than a Board policy. Lack of compliance with the Resolution would result in discipline. It would require a majority vote of a quorum of the Board to displace the Resolution, which is the same procedure that would be necessary to displace any Board policy. Therefore, there is no evidence of an ongoing constitutional violation.

### G. **Plaintiffs Fail to Prove a Causal Nexus between the Alleged Constitutional Harm and Their Protected Activity**

Plaintiffs fail to prove that CUSD schools are refusing to send field trips to Riley's Farm *because of* Plaintiffs' protected speech. To prove their claim for First Amendment retaliation, Plaintiffs must establish retaliatory intent on the part of the defendant officials. (Riley's I, 32 F.4th at 724 n.9.)

Education Code, section 35350, provides: "No governing board of a school district shall require any student or pupil to be transported for any purpose or for any reason without the written permission of the parent or guardian." California Education Code § 35350. When parents in 2018 withdrew consent for their children to attend field trips to Riley's Farm, CUSD officials did not have the legal authority to transport those students to the field trips over the parents' objections. Elsasser's directive that teachers contact him to discuss logistics if they wanted to take a field trip to Riley's Farm was entirely consistent with California law and the First Amendment.

Board Policy 6153 and Administrative Regulation 6153 set forth CUSD's policies and procedures for school-sponsored field trips. Board Policy 6153 and Administrative Regulation 6153 require school district officials to consider the following factors in determining whether or not to approve a proposed field trip plan: safety and supervision of students, whether the proposed field trip furthers educational objectives which relate directly to the curriculum, and the cost of the field trip.

The October 2021 cancellation of a CUSD teacher's request to book a field trip to Riley's Farm took place during a period in which CUSD school sites were not taking field trips due to the COVID-19 pandemic. The teacher's email to Riley's Farm that "[u]nfortunately, I just heard we

may not be able to do field trips yet" appears indicative of pandemic-era restrictions on booking, not a policy against visiting Riley's Farm due to Riley's constitutionally protected speech.

The evidence establishes that, as a result of financial constraints, CUSD school sites attend fewer field trips overall since the COVID-19 pandemic than they did prior to COVID. Prior to COVID, CUSD schools regularly attended field trips to the Los Angeles County Fair, the Aquarium of the Pacific, the Discovery Science Center, and the Museum of Tolerance. Nearly all of these field trips have been discontinued due to rising costs of transportation and the school district's budget deficit.

Plaintiffs fail to prove that the lack of Riley's Farm field trips post- COVID is *because of* Plaintiffs' protected activity when the evidence establishes that parents requested that their students not attend field trips to Riley's Farm, which CUSD was obligated to honor; a cancelled field trip request to Riley's Farm appears to have been the product of pandemic restrictions on field trips; and field trips have been substantially reduced across the board, including numerous field trips that District schools had conducted regularly prior to COVID.

### III.  CONCLUSION

For the above reasons, the Court finds that Plaintiffs have not proven by a preponderance of the evidence their remaining claims against Defendants. Accordingly, the Court **ENTERS** Judgment in favor of Defendants and against Plaintiffs.

1. The foregoing constitute the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52(a).

2. The Court **DIRECTS** the Clerk to enter judgment consistent with these findings.

**IT IS SO ORDERED.**